## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMES EDWARD GOODEN, Jr.,

      Plaintiff,

vs.                                                              No. CIV 16-0934 JB/SCY

NEW MEXICO DEPARTMENT OF
CORRECTIONS; HEALTHCARE
PROVIDER; CHARLES BIVEN, Dr., and
JOHN DELORENZO, Physical Therapist,

      Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915(e)(2), on the: (i) Plaintiff's Prisoner's Civil Rights Complaint, filed August 15, 2016 (Doc. 1)("Complaint"); (ii) Plaintiff's Amended Prisoner's Civil Rights Complaint, filed December 13, 2016 (Doc. 27)("Amended Complaint"); (iii) Plaintiff's Second Amended Civil Rights Complaint, filed December 19, 2016 (Doc. 29)("Second Amended Complaint"); (iv) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 13, 2016 (Doc. 28); (v) Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 19, 2016 (Doc. 30); (vi) Plaintiff's Letter, filed August 23, 2016 (Doc. 4); (vii) Plaintiff's Letter, filed August 31, 2016 (Doc. 6); (viii) Plaintiff's Letter, filed August 24, 2016 (Doc. 7); (ix) Plaintiff's Letter, filed August 24, 2016 (Doc. 8); (x) Plaintiff's Letter, filed September 19, 2016 (Doc. 11); (xi) Plaintiff's Letter, filed September 26, 2016 (Doc. 12); (xii) Plaintiff's Letter, filed October 17, 2016 (Doc. 14); (xiii) Plaintiff's Letter, filed October 20, 2016 (Doc. 15); (xiv) Plaintiff's Letter, filed October 25, 2016 (Doc. 16); (xv) Plaintiff's Letter, filed October 26, 2016 (Doc. 17); (xvi) Plaintiff's Letter, filed October 24, 2016 (Doc. 18); (xvii)

Plaintiff's Letter, filed November 7, 2016 (Doc. 19); (xviii) Plaintiff's Letter, filed November 7, 2016 (Doc. 20); (xix) Plaintiff's Letter, filed November 9, 2016 (Doc. 21); (xx) Plaintiff's Letter, filed November 9, 2016 (Doc. 22); (xxi) Plaintiff's Letter, filed November 18, 2016 (Doc. 23); (xxii) Plaintiff's Letter, filed November 29, 2016 (Doc. 25); (xxiii) Plaintiff's Letter, filed December 5, 2016 (Doc. 26); (xiv) Plaintiff's Letter, filed December 30, 2016 (Doc. 31); (xv) Plaintiff's Letter, filed January 5, 2017 (Doc. 32); (xvi) Plaintiff's Letter, filed January 11, 2017 (Doc. 33); (xvii) Plaintiff's Letter, filed January 20, 2017 (Doc. 34); (xviii) Plaintiff's Letter, filed January 30, 2017 (Doc. 35); and (xxix) Plaintiff's Letter, filed January 30, 2017 (Doc. 36). Plaintiff James Edward Gooden, Jr., is incarcerated, appears pro se, and is proceeding in forma pauperis.  For the reasons explained below, the Court will deny Gooden's Application and Amended Application to Proceed in District Court Without Prepaying Fees or Costs as moot; the Court will treat Gooden's Amended Complaint as the operative pleading for the purpose of the Court's review under § 1915(e)(2); the Court will dismiss Gooden's Amended Complaint without prejudice for failure to state a claim on which relief may be granted; and the Court will afford Gooden thirty days in which to file an amended complaint that complies with the standards set forth in this Memorandum Opinion and Order.

## BACKGROUND

Gooden's Complaint alleges that Plaintiff broke his right foot at the Penitentiary of New Mexico in February, 2014, when the door of a transport van was slammed on his foot, causing pain, suffering, and significant injury.  Gooden's Complaint alleges that the Defendants, the New Mexico Department of Corrections, and the Health Care Provider at Western New Mexico Correctional Facility, "did not have safeguards in place to prevent" his injury and denied him medical treatment in violation of his constitutional rights.  Complaint at 1-5.  Gooden's

Complaint seeks monetary damages, medical attention after his release from custody, and safeguards to prevent similar injuries in the future.  See Complaint at 5.

On August 29, 2016, Gooden filed an Application to Proceed in District Court Without Prepaying Fees or Costs, pursuant to 28 U.S.C. § 1915.  The Court granted Gooden's application and waived an initial partial payment pursuant to § 1915(b)(1).  See Order, filed September 7, 2016 (Doc. 9).  Gooden is therefore proceeding in forma pauperis ("IFP").

After filing his Prisoner's Civil Rights Complaint, Gooden submitted numerous letters to the Court, which expound upon the facts that the Complaint alleges and provide further details about how Gooden incurred his injury, the medical treatment which he has received -- and not received -- and the status of his health.  See Plaintiff's Letter, filed August 23, 2016 (Doc. 4); Plaintiff's Letter, filed August 31, 2016 (Doc. 6); Plaintiff's Letter, filed August 24, 2016 (Doc. 7); Plaintiff's Letter, filed August 24, 2016 (Doc. 8); Plaintiff's Letter, filed September 19, 2016 (Doc. 11); Plaintiff's Letter, filed October 20, 2016 (Doc. 15); Plaintiff's Letter, filed October 25, 2016 (Doc. 16); Plaintiff's Letter, filed October 26, 2016 (Doc. 17); Plaintiff's Letter, filed November 7, 2016 (Doc. 20); Plaintiff's Letter, filed November 9, 2016 (Doc. 22); Plaintiff's Letter, filed November 18, 2016 (Doc. 23).  Additionally, Gooden's letters appear to seek to add additional claims against additional Defendants for the inadequate provision of medical care, the presence of black mold at Central New Mexico Correctional Facility, and racial discrimination. See Plaintiff's Letter, filed September 19, 2016 (Doc. 11); Plaintiff's Letter, filed October 20, 2016 (Doc. 15); Plaintiff's Letter, filed November 7, 2016 (Doc. 19); Plaintiff's Letter, filed November 9, 2016 (Doc. 21); Plaintiff's Letter, filed November 9, 2016 (Doc. 22).

In Plaintiff's Letter dated November 7, 2016, Gooden asked whether the Honorable Steven C. Yarbrough, United States Magistrate Judge, was "representing [him] on [his] case . . .

because [he] can't afford no attorney."  Plaintiff's Letter, filed November 9, 2016 (Doc. 22).  See also Plaintiff's Letter, filed November 29, 2016 (Doc. 25)(asking whether "the Honorable Judge [will] step in and make the discussion for me on my claim?").  In an Order dated November 28, 2016, Magistrate Judge Yarbrough informed Gooden that the Magistrate Judge "does not represent him in this lawsuit," because "[i]t is not 'the function of the district court to assume the role of advocate [i.e., attorney] for the pro se litigant."  Order at 1, filed November 28, 2016 (Doc. 24)(quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).  Magistrate Judge Yarbrough further informed Gooden that "[t]he proper avenue for an indigent prisoner to seek appointed counsel is to file a motion pursuant to 28 U.S.C. § 1915(e)(1)" and that the burden is on the pro se plaintiff "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  Order at 2, filed November 28, 2016 (Doc. 24)(internal quotation marks and citation omitted).

Gooden has not filed a motion seeking the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).  On December 13, 2016, however, Gooden filed a second Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 13, 2016 (Doc. 28), followed by a duplicate Amended Application to Proceed in District Court Without Prepaying Fees or Costs, filed on December 19, 2016 (Doc. 30).

On December 13, 2016, Gooden also filed an Amended Complaint, which names the New Mexico Department of Corrections, Doctor Charles Biven, and Physical Therapist John Delorenzo as Defendants.  See Amended Complaint at 1-2.  The Amended Complaint alleges that Biven "started [Gooden] doing physical therapy with[out] having and [sic] xray performed, without the therapist knowing where too [sic] begin therapy."  Amended Complaint at 1.  With respect to Delorenzo, the Amended Complaint alleges that before "he learned of how bad my

injury was he made remarks that it was nothing wrong with me he acted out of [unintelligible], til he would just drop the heating pad down on my hip that caused a burn from hot water I have scar." Amended Complaint at 2. The Amended Complaint seeks monetary damages in the amount of $260,000. Amended Complaint at 5. Gooden filed a Second Amended Complaint on December 19, 2016, which is an exact duplicate of the Amended Complaint. Compare Amended Complaint, with Second Amended Complaint.

Since filing his Amended Complaint and Second Amended Complaint, Gooden has sent and filed various letters asking about his case's status, how to serve the Defendants with process, how to subpoena witnesses, and whether counsel has been appointed to represent him. See Plaintiff's Letter, filed December 30, 2016 (Doc. 31); Plaintiff's Letter, filed January 5, 2017 (Doc. 32); Plaintiff's Letter, filed January 11, 2017 (Doc. 33); Plaintiff's Letter, filed January 20, 2017 (Doc. 34); Plaintiff's Letter, filed January 30, 2017 (Doc. 35); Plaintiff's Letter, filed January 30, 2017 (Doc. 36).

## ANALYSIS

The Court, having already granted Gooden leave to proceed IFP, need not address his applications to proceed without prepaying fees or costs, and thus first denies those motions as moot. The Court, next, considers Gooden's Amended Complaint, and will dismiss the Amended Complaint, without prejudice, for failure to state a claim as to Biven and Delorenzo. The Court will, however, dismiss the Amended Complaint as to the New Mexico Department of Corrections, and the Healthcare Provider,[1] with prejudice.

---

[1]Gooden purportedly sought to add the Healthcare Provider as a Defendant by letter to the Magistrate Judge, but then neglected to ultimately include the Healthcare Provider as a Defendant in his formal filing of the Amended Complaint. The effect of this procedure is described later in this Memorandum Opinion and Order.

I.      **THE COURT WILL DENY PLAINTIFF'S APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT.**

Title 28, § 1915(a)(1), of the United States Code does not relieve a prisoner from paying the filing and docketing fees; the statute only excuses prepayment of the fees.  See 28 U.S.C. § 1915(a)(1).  See also Merryfield v. Jordan, 584 F.2d 923, 926 (10th Cir. 2009)(explaining that a prisoner granted leave to proceed IFP under § 1915(a)(1) must "pay an initial partial filing fee if he has sufficient funds in his prisoner trust fund account" and must "[t]hereafter, each time the average monthly balance in the prisoner's account exceeds ten dollars, . . . forward a further partial payment to the court in satisfaction of the filing fee until it is paid in full").  Gooden was granted permission to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) on September 7, 2016.  See Order, filed September 7, 2016 (Doc. 9).  Because Gooden already has been granted leave to proceed IFP, without prepayment of fees or costs under § 1915(a)(1), the Court will deny as moot Gooden's Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 13, 2016 (Doc. 28), and duplicate Amended Application to Proceed in District Court Without Prepaying Fees or Costs, filed on December 19, 2016 (Doc. 30).  The Order, filed September 7, 2016 (Doc. 9), has already granted Gooden the leave he has subsequently requested.[2]

II.     **GOODEN'S AMENDED COMPLAINT IS THE SOLE OPERATIVE PLEADING.**

Rule 15(a) of the Federal Rules of Civil Procedure, which governs the amendment of pleadings, provides in relevant part that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it."  Fed. R. Civ. P. 15(a)(1)(A).  Any additional

---

[2]The Order, filed September 7, 2016 (Doc. 9), granted Gooden's Application to Proceed in District Court Without Prepaying Fees or Costs, filed August 29, 2016 (Doc. 5), which was filed on the AO 240 "Short Form" Application to Proceed in District Court Without Prepaying Fees or Costs.

amendments require the opposing party's written consent or the Court's leave.  See Fed. R. Civ.

P. 15(a)(1)(B).  D.N.M.LR-Civ 15.1 requires a proposed amended complaint to accompany a

motion to amend.  See D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must

accompany the motion to amend.").

> Rule 15(d) governs the supplementation of pleadings and it provides as follows:
>
> On motion and reasonable notice, the court may, on just terms, permit a party to
> serve a supplemental pleading setting out any transaction, occurrence, or event
> that happened after the date of the pleading to be supplemented.  The court may
> permit supplementation even though the original pleading is defective in stating a
> claim or defense.  The court may order that the opposing party plead to the
> supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  "Rule 15(d) gives trial courts broad discretion to permit a party to serve a

supplemental pleading setting forth post-complaint transactions, occurrences or events."  Walker

v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001).  Rule 15(d) motions "are

addressed to the sound discretion of the trial court," but such motions "should be liberally

granted unless good reason exists for denying leave, such as prejudice to the defendants."  240

F.3d at 1278.

Gooden's original Prisoner's Civil Rights Complaint has not yet been served and,

therefore, Gooden may amend his Complaint "once as a matter of course" pursuant to rule

15(a)(1)(A).  Gooden properly amended his original Prisoner's Civil Rights Complaint by filing

his Amended Complaint on December 13, 2016.  See Amended Complaint at 1.  The Court will

disregard Plaintiff's Second Amended Complaint, filed on December 19, 2016, because it is an

exact duplicate of the Amended Complaint and because it was filed without the Defendants'

written consent or the Court's leave, as rule 15(a)(2) requires.  Additionally, the Court will

disregard Plaintiff's original Prisoner's Civil Rights Complaint, and the letters seeking to add

additional claims and additional defendants, see Plaintiff's Letter, filed September 19, 2016

(Doc. 11); Plaintiff's Letter, filed October 20, 2016 (Doc. 15); Plaintiff's Letter, filed November 7, 2016 (Doc. 19); Plaintiff's Letter, filed November 9, 2016 (Doc. 21); Plaintiff's Letter, filed November 9, 2016 (Doc. 22), because the filing of the Amended Complaint rendered these pleadings and letters "without legal effect," Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007)(noting that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect")(internal quotation marks and citations omitted). Gooden's Amended Complaint does not name the Healthcare Provider at Western New Mexico as a Defendant, and, therefore, the Clerk of the Court will be directed to terminate the Healthcare Provider at Western New Mexico as a party to this action.

## III.   THE COURT WILL DISMISS GOODEN'S AMENDED COMPLAINT, PURSUANT TO § 1915(E)(2), FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Having determined that Gooden's Amended Complaint is the sole operative pleading for the purpose of this Court's review under § 1915(e)(2), the Court will screen the Amended Complaint pursuant to § 1915(e)(2).  See 28 U.S.C. § 1915(A).  The Court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).  The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

Gooden is proceeding pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.

Gooden names the New Mexico Department of Corrections as a Defendant in the Amended Complaint's caption. See Amended Complaint at 1. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, "a governmental entity that is an arm of the state for Eleventh Amendment purposes is not a 'person' for section 1983 purposes." McLaughlin v. Bd. of Trustees of State Colleges of Colorado, 215 F.3d 1168, 1172 (10th Cir. 2000)(internal quotation marks and citation omitted). The New Mexico Department of Corrections is an arm of the state of New Mexico for the Eleventh Amendment's purposes and, therefore, it is not a "person" subject to suit under § 1983. Blackburn v. Dep't of Corr., 172 F.3d 62, 1999 WL 94912, at *1

(10th Cir. 1999)("Defendant New Mexico Department of Corrections is not a 'person' subject to suit under § 1983.")(unpublished).   Because there is no remedy against the New Mexico Department of Corrections under § 1983, further amendment of the complaint would be futile, and the Court will dismiss with prejudice Gooden's § 1983 claims against the New Mexico Department of Corrections for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).   See Kritisch v. Metro. Det. Ctr., 2016 WL 5387675, at *2 (D.N.M. 2016)(Browning, J.)(unpublished).

Gooden's Amended Complaint appears to allege that Biven and Delorenzo violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States of America.   A prison official's "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment."   Estelle v. Gamble, 429 U.S. 97, 104 (1976)(citation omitted).   However, this rule "does not mean . . . that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."   Estelle v. Gamble, 429 U.S. at 105.   Notably, "accidental or inadvertent failure to provide medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment."   Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980).   For example, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.   At most it is medical malpractice, and as such the proper forum is the state court . . . ."   Estelle v. Gamble, 429 U.S. at 106.

To state a claim for relief for a violation of the Eighth Amendment, there is a "two-pronged inquiry, comprised of an objective and subjective component."   Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006).   "The objective component is met if the deprivation is 'sufficiently

serious,'" that is, if the "medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."  Sealock v. Colorado, 218 F.3d at 1209.

With these standards in mind, the Court turns to the factual allegations in Gooden's Amended Complaint.  The Amended Complaint alleges that Biven "started [Gooden] doing physical therapy with[out] having and [sic] xray performed, without the therapist knowing where too [sic] begin therapy."  Amended Complaint at 1.  As previously explained, however, "[a] medical decision not to order an X-ray . . . does not represent cruel and unusual punishment" in violation of the Eighth Amendment.  Estelle v. Gamble, 429 U.S. at 106.  See also El'Amin v. Pearce, 750 F.2d 829, 833 (10th Cir. 1984)(holding that the "plaintiff's allegation that he was denied X-rays does not rise to a constitutional level").  This rule exists, because "the medical judgment of a physician, even if grossly negligent, is not subject to second-guessing in the guise of the Eighth Amendment."  Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).  The Court, therefore, will dismiss, under § 1915(e)(2)(B)(ii), Gooden's § 1983 claims against Biven without prejudice for failure to state a claim on which relief may be granted.

Gooden's Amended Complaint alleges that Delorenzo, before he "learned of how bad my injury was . . . made remarks that it was nothing wrong with me he acted out of [unintelligible], til he would just drop the heating pad down on my hip that caused a burn from hot water I have scar."  Amended Complaint at 2.  See also id. at 3 (alleging that Delorenzo "dropped heating pad," which "leaked hot water on me + I have a scar on my right hip").  Delorenzo's remarks, although "unnecessary, or even unhelpful," do not rise to the level of an Eighth Amendment

violation.  <u>Lamar v. Boyd</u>, 508 F. App'x 711, 714 (10th Cir. 2013)(holding that the defendant's comments that "it's not like you broke your back" and that "maximum security inmates 'try to escape' when x-rayed" do not amount to a constitutional violation)(unpublished).  Additionally, the foregoing allegations are insufficient to establish that Delorenzo acted with a sufficiently culpable state of mind, <u>i.e.</u>, that he knew there was a substantial risk that the heating pad would spill burning-hot liquid onto Plaintiff's hip, but that he disregarded this substantial risk of serious harm.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. at 105 ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain."). The Court, therefore, will dismiss, under § 1915(e)(2)(B)(ii), Gooden's § 1983 claims against Delorenzo without prejudice for failure to state a claim on which relief may be granted.

The foregoing analysis is dispositive of all the claims in Gooden's Amended Complaint. The Court will permit Gooden to file another amended complaint, within thirty days of the date of this Memorandum Opinion and Order, which addresses all of his claims against all Defendants.  The Court emphasizes that, in § 1983 actions seeking to impose personal liability on multiple governmental defendants in their individual capacity, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."  <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1250 (10th Cir. 2008)(emphasis in original).  "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights."  <u>Pahls v. Thomas</u>, 718 F.3d 1210, 1225-26 (10th Cir. 2013).  "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983"

claim.  Pahls v. Thomas, 718 F.3d at 1225-26  (emphasis in original)(internal quotation marks and citation omitted).   Specifically, Gooden's amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated."  Nasious v. Two Unknown BICE Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).   Failure to timely file an amended complaint that complies with the standards set forth above may result in the dismissal of this action without further notice.

## IV.     THE COURT WILL EXPLAIN HOW THIS CASE WILL PROCEED.

In light of the numerous letters submitted by Gooden requesting information from the Court, see Plaintiff's Letter, filed December 30, 2016 (Doc. 31); Plaintiff's Letter, filed January 5, 2017 (Doc. 32); Plaintiff's Letter, filed January 11, 2017 (Doc. 33); Plaintiff's Letter, filed January 20, 2017 (Doc. 34); Plaintiff's Letter, filed January 30, 2017 (Doc. 35); Plaintiff's Letter, filed January 30, 2017 (Doc. 36), the Court will take this opportunity to explain to Gooden how this case will proceed.   First, Gooden must file an amended complaint, in accordance with the standards set forth above, within thirty days of the date of entry of this Memorandum Opinion and Order.  The Court will screen Gooden's amended complaint pursuant to § 1915A.  If Plaintiff's amended complaint survives screening under § 1915A, then the Court will ask the Defendants to waive service of process in accordance with rule 4(d) of the Federal Rules of Civil Procedure.  If the Defendants fail to waive service of process, then the Court will order the United States marshal or deputy marshal to serve process on the Defendants pursuant to rule 4(c)(3) of the Federal Rules of Civil Procedure.  The Defendants will have an opportunity to answer the claims raised in the amended complaint and to file dispositive motions pursuant to rule 12(b) of the Federal Rules of Civil Procedure.  Because Gooden has filed a prisoner petition,

this case is excepted from the pretrial case management procedures in D.N.M.LR-Civ. 16, including settlement conferences.  See D.N.M.LR-Civ. 16.3(d).

If Gooden's amended complaint survives any rule 12(b) motions that the Defendants may file, then the Court will, if appropriate, order a Martinez Report, which is a "court-authorized investigation and report by prison officials." Hall v. Bellmon, 935 F.2d at 1109.[3]  The Martinez Report will require prison officials to investigate Plaintiff's claims and "develop a record sufficient to ascertain whether there are any factual or legal bases for [those] claims." Hall v. Bellmon, 935 F.2d at 1109.  The Court may use the Martinez Report in deciding whether to grant summary judgment, either upon one of the parties' motions or sua sponte, see Benjamin v. Jackson, 2016 WL 5400 WL 5400369, at *1 (D.N.M. 2016)(Browning, J.), and will contain all materials relevant to Plaintiff's claims, including medical records, incident reports, and inmate grievances, among other documents.  Once produced, the Martinez Report will be filed on the case's docket and served on Gooden, and Gooden will then have an opportunity to file a response.

A plaintiff in a § 1983 action seeking monetary damages is not entitled to appointment of counsel.  As Magistrate Judge Yarborough previously explained in his November 28, 2016, Order, if Gooden wishes counsel to be appointed to represent him, then he must file a motion, pursuant to § 1915(e)(1), seeking appointment of counsel.  "The burden is on the applicant to

---

[3]The Tenth Circuit has explained:

When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a *Martinez* report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims.

Hall v. Bellmon, 935 F.2d at 1109 (citing Martinez v. Aaron, 570 F.2d 317, 318-19 (10th Cir. 1978)).

convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." Hill v. Smithkline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004).   "In evaluating a prisoner's request for appointed counsel, the court should consider the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Steffey v. Orman, 461 F.3d 1218, 1224 (10th Cir. 2006)(quotation and citation omitted).

**IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 13, 2016 (Doc. 28), is denied as moot; (ii) the Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 19, 2016 (Doc. 30), is denied as moot; (iii) the Clerk of the Court is directed to terminate Defendant Health Care Provider, at Western New Mexico Correctional Facility, as a party to this action; (iv) the Plaintiff's § 1983 claims against Defendant New Mexico Department of Corrections are dismissed with prejudice, and Defendant New Mexico Department of Corrections is dismissed as a party to this action; (v) the remaining claims in the Plaintiff's Amended Prisoner's Civil Rights Complaint, filed December 13, 2016 (Doc. 27), are dismissed without prejudice; (vi) the Plaintiff is afforded thirty days, from the date of entry of this Memorandum Opinion and Order, to file an amended complaint; and (vii) the Clerk of the Court is directed to mail to the Plaintiff, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

James Edward Gooden, Jr.

Los Lunas, New Mexico

     *Plaintiff, pro se*

New Mexico Department of Corrections
Healthcare Provider
Charles Biven, Dr.
John Delorenzo, Physical Therapist

     *Defendants*